Jessica Martinez
6754 Frances Celia Ave.
Las Vegas, NV 89122
(702) 374-6729

```
___FILED          ___RECEIVED
___ENTERED        ___SERVED ON
           COUNSEL/PARTIES OF RECORD

              NOV 23 2020

           CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT

2:20-cv-02164-RFB-DJA

| | |
|---|---|
| JESSICA MARTINEZ,<br><br>           Plaintiff,<br><br>vs.<br><br>SECURITYNATIONAL MORTGAGE COMPANY, a Utah Corporation,<br><br>           Defendant. | 1. NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT<br>2. RETALIATION IN VIOLATION OF THE TITLE VII, THE ADA AND NEVADA STATE LAW<br>3. FOR VIOLATION OF FLSA AND NRS 608, ET SEQ.<br>4. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>JURY DEMAND |

Plaintiff JESSICA MARTINEZ ("Plaintiff" or "Martinez") alleges as follows:

1.  This action is brought pursuant to, Title VII of the Civil Rights Act of 1964, *42 USC §2000e, et seq.* (hereinafter "Title VII"), Fair Labor Standards Act of 1938, *29 U.S.C. § 203, et seq.* (hereinafter "FLSA") and Nevada State Law to obtain relief for Plaintiff for discriminating against her in the terms, conditions or privileges of employment and terminating her on the basis of her national origin, for retaliation, not allowing to close approved clear to close files to avoid paying commission/keep commission, for breach of the covenant of good faith and fair dealing

1

1  and for intentional infliction of emotional distress.

2.  Jurisdiction is predicated on these code sections as well as *28 USC §1331* as this action involves a federal question and supplemental jurisdiction for the state claims.

3.  At all relevant times, SECURITY NATIONAL MORTGAGE COMPANY, a Utah Corporation (hereinafter "Defendant" or "SNMC") employed fifteen (15) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year and are therefore subject to the provisions of the ADA and Title VII.

4.  The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2)*, and the ends of justice so require.

**PARTIES**

5.  Plaintiff, Martinez, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.  Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant.

7.  Defendant is an employer within the meaning of *42 USC §2000e(b)*.

**EXHAUSTION OF REMEDIES**

8.  Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") and a Notice of Right to Sue was issued on September 2, 2020, a copy of which is attached to Complaint as Exhibit "A".

**STATEMENT OF FACTS**

9.  Plaintiff worked for SNMC as a Loan Officer from November 7, 2018 through September 16, 2019.

10. Although Plaintiff started working with SNMC on November 7, 2018 as a Loan Officer, Plaintiff started working as Jorge Mejia's assistant since August 2018. Mejia recommended Martinez to SNMC. The Plaintiff was told by John Updike, the Branch Manager

that she will start making the commission of 2.5% of loan amount.

11. From August of 2018 though around December 2018, Plaintiff was going to the office to work almost everyday. However, Plaintiff completely stopped going because she was sexually harassed by Ernesto Vargas, one of the senior Loan Officer of the company.

12. Plaintiff complained with Updike. Updike ignored her complaint, and he did not do anything about the situation. On the contrary, Updike advised Martinez not to pay attention to Vargas because Vargas was a better asset to the company.

13. As a result, Vargas continued sexually harassing Plaintiff by constantly showing up to her office or to Mejia's office uninvited while she was alone. And by sending Plaintiff inappropriate texts.

14. In addition, Plaintiff decided to stop going to the office because Updike made multiple comments about her Salvadorian heritage, Salvadorian people in general and Salvadorean food while Plaintiff was alone with him in his office or when no one else was around.

15. Updike invited Martinez to his office several times. Plaintiff told Updike that she felt uncomfortable by the invitations to his office and by the comments he made regarding her national origin. Updike did not stop, however.

16. From around December through March, Plaintiff got very depressed due to the harassment from Updike and Vargas. For this reason, Plaintiff was not able to prospect for upcoming transactions.

17. On April 2019, Plaintiff felt a little better and she was able to close one loan. Plaintiff made her full commission of 2.5% of loan amount as discussed since the beginning with Updike. A few days after this loan closing, Plaintiff was invited by Updike to his office. Plaintiff refused to go.

18. On August 2019, Plaintiff started 5 new qualified loans. All of the loans were approved by the defendant's Under Writer/s. However, Updike did not allow Plaintiff to lock any of these loans.

19. On August 2019, Plaintiff sent an email to Updike describing the way she was

being treated by him. Updike then sent the email to the Human Resources Clerk, Dale Jakins.

20. Thereafter, Dale Jakins contacted the Plaintiff. Jakins tried to have a phone conversation with Plaintiff, but Plaintiff told Jakins to communicate through emails instead. Jakins started a brief investigation that lasted about two weeks. Plaintiff rather did emails instead of phone calls due to previous complaints with Updike, nonetheless, the complaints were ignored therefore Plaintiff wanted to have a resolution in writing.

21. On September 16, 2019, Plaintiff received a notice of employment termination from Jakins. Plaintiff was not informed of any reason of termination.

22. SNMC owes Plaintiff all the 5 commissions from the loans Martinez worked. Updike did not let Plaintiff to make her full commission therefore Updike made it impossible by firing Plaintiff. SNMC declined Plaintiff's right to make $22,425 in commissions.

## FIRST CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 -

### National Origin Discrimination against SNMC)

24. Plaintiff Martinez incorporates the allegations set forth in paragraphs 1 through 22, inclusive, as if fully set forth herein.

25. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for national origin discrimination which is governed by Title VII.

26. As previously set forth herein above, Plaintiff was not let to perform and make rightly her full commissions on 5 approved clear to close loans by Updike.

28. Plaintiff believes these reasons were given as a pretext for national origin discrimination because Martinez was from El Salvador. Most of these loans were from Salvadorian clients. This is supported by the fact that his manager Updike continued to make derogatory remarks about El Salvador throughout Plaintiff's tenure with the company. This included Updike calling Plaintiff being too short because Plaintiff was Salvadoran, saying on one occasion that Plaintiff should eat American food instead of Salvadoran food while the Plaintiff was eating lunch at the break room.

29. As a direct, foreseeable, and legal result of the national origin discrimination set forth above, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

30. As a further direct, foreseeable, and legal result of national origin discrimination set forth above, Plaintiff has suffered depression, feeling violated, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

31. In acting as they did, SNMC knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

32. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Retaliation in Violation of Title VII, ADA and Nevada State Law)

33. Plaintiff Martinez incorporates the allegation set forth in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. This cause of action is brought pursuant to Title VII, the ADA and Nevada State Law as it involves a claim by Plaintiff for retaliation in violation of Title VII, the ADA and Nevada State Law.

35. As set forth herein above, Martinez complained to Updike and to Human Resources about comments Updike made about El Salvador and Plaintiff being harassed by Updike, Plaintiff believes and will prove that her termination was in retaliation for complaining to Human Resources about Updike's comments and her case of sexual harassment from Vargas.

5

36. As a direct, foreseeable, and legal result of Defendant's retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

37. As a further direct, foreseeable, and legal result of Defendant's retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

38. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

39. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

### THIRD CAUSE OF ACTION

### (For Violation of the FLSA and NRS 608, et seq.)

40. Plaintiff Martinez incorporates the allegations set forth in paragraphs 1 through 39, inclusive, as if fully set forth herein.

41. Defendant regularly engaged in commerce and its employees handled and used goods which have moved in interstate commerce and thus is subjected to the provisions of the FLSA.

42. Plaintiff at all relevant times was an employee of Defendant, as defined by *29 U.S.C. § 203(d)* and *NRS 608.010*.

43. During the period of time that Plaintiff was employed by SNMC, Plaintiff performed work for which she was intentionally fired in order not to pay commission of $22,425. There are original PDF files with cleared to close full loan approval for all 5 transactions, which will be provided at trial. Information such as social, birthday and personal information will be scratched off

6

due to confidentiality. Nonetheless, most borrowers have agreed to be present in court.

44. Finally, *NRS 608.040(1)* provides that if an employer does not pay an employee all the wages and compensation they are owed when terminated, the wages and compensation continue at their daily rate until paid or for 30 days, whichever is less.

45. Plaintiff was not paid all the commissions and other amounts set forth above when terminated and thus is owed a penalty pursuant to *608.040(1)* in an amount to be proven at trial.

46. As a direct and proximate result of Defendant violating the FLSA, Plaintiff has suffered loss of income, including but not limited to loss of past wages, benefits, expenses, reimbursement and other damages to be proven at trial.

47. Defendant's actions were with deliberate indifference to such right or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages pursuant *29 USC §§216(b) and 626(b)*.

## FOURTH CAUSE OF ACTION

**(For Breach of the Covenant of Good Faith and Fair Dealing)**

48. Plaintiff Martinez incorporates the allegations set forth in paragraphs 1 through 48, inclusive, as if fully set forth herein.

49. As a result of the employment relationship which existed between Plaintiff and Defendant, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, Defendant promised to act in good faith towards and deal fairly with Plaintiff which requires, among other things, that:

(a) Each party in the relationship must act with good faith towards the other concerning all matters related to the employment;

(b) Each party in the relationship must act with fairness towards the other concerning all matters related to the employment;

(c) Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

(d)     Defendant would comply with its own representations, rules, policies and procedures in dealing with Plaintiff;

(e)     Defendant would not terminate Plaintiff without a fair and honest cause, regulated by good faith on Defendant's part;

(f)     Defendant would not terminate Plaintiff in an unfair manner; and

(g)     Defendant would give Plaintiff's interests as much consideration as it gave its own interests.

50.    Defendant's discharge of Plaintiff was wrongful, in "bad faith", and unfair, and therefore a violation of Defendant's legal duties.

51.    Defendant's breach of the Covenant of Good Faith and Fair Dealing was a substantial factor in causing damage and injury to Plaintiff.

52.    As a direct, foreseeable, and legal result of the Defendant's breach of the Covenant of Good Faith and Fair Dealing, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

53.    As a further direct, foreseeable, and legal result of the Defendant's Breach of the Covenant of Good Faith and Fair Dealing, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in a sum according to proof at trial.

54.    In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

55.    Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

56. Plaintiff Martinez incorporates the allegation set forth in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57. Defendant's actions of making derogatory comments about El Salvador and among other things, as set forth above, constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff.

58. Defendant's actions did in fact cause severe emotional distress to Plaintiff, including but not limited to, weight gain, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

59. In acting as she did, Defendant, knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Defendant's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

60. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA, Title VII and Nevada State Law;

2. Enjoining and permanently restraining the violations by Defendant of the ADA, Title VII and Nevada State Law;

3. For overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, weight gain, embarrassment, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive and exemplary damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 11/23/2020

BY: Jessica Martinez
6754 Frances Celia Ave.
Las Vegas, NV 89122
(702) 374-6729

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/16)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jessica Martinez<br>5286 Floralita Street<br>Las Vegas, NV 89122 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-01413 | Michael L. Mendoza,<br>Supervisory Investigator | (702) 553-4466 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

MICHAEL MENDOZA    FOR

Enclosures(s)      Tamara M. West,      *(Date Mailed)*
Local Office Director

cc: **Alicia Berroyer**
Regional Operational Manager
**SECURITY NATIONAL MORTGAGE**
2370 Corporate Cir Ste 200
Henderson, NV 89074